IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL J.G. SAUNDERS,**

    Petitioner,

v.                                                                       Civil Action No. **3:11CV170**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Petitioner Michael J.G. Saunders, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "§ 2254 Petition").[1] (Docket No. 1.) Saunders challenges his convictions for crimes against nature. Respondent filed a Motion to Dismiss (Docket No. 12) and Rule 5 Answer (Docket No. 11), providing Saunders with appropriate *Roseboro*[2] notice (Docket No. 14). Respondent contends that the statute of limitations bars this action. Saunders has responded. The matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 12.)

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

Saunders pleaded guilty in the Circuit Court for the County of Chesterfield, Virginia ("Circuit Court") to two counts of "crimes against nature" for which he was sentenced to five years imprisonment with five years suspended on each count.[3] (§ 2254 Pet. 1; Mem. Supp. Mot. Dismiss 1.) The Circuit Court entered final judgment on September 2, 2008. Saunders did not appeal. (§ 2254 Pet. 2.) On November 4, 2009, the Circuit Court found that Saunders violated the terms of his probation and sentenced him to serve three (3) years of the suspended sentences. (Show Cause Order (Docket No. 31-1) 1.)

### A. Saunders's First State Habeas

On August 4, 2009, Saunders filed his First State Habeas for writ of habeas corpus ("First State Habeas") in the Circuit Court.[4] *Saunders v. Commonwealth*, No. CL09HC-2677, Cir. Ct. R. at 1 (Cir. Ct. filed Aug. 4, 2009). The Circuit Court denied the First State Habeas. Saunders's November 4, 2009 probation violation occurred during the pendency of the First State Habeas.

---

[3] "Crimes against nature" are criminalized by the Code of Virginia in § 18.2-361, which reads in relevant part:

> If any person carnally knows in any manner any brute animal, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony, except as provided in subsection B [which provides stricter penalties for family members engaging in such acts with each other].

Va. Code Ann. § 18.2-361(A) (West 2011) (amended 2005). Saunders describes his crime as "[c]onsensual sodomy . . . privately engaged by legally culpable and admittedly similarly situated individuals." (§ 2254 Pet. 1 (The Court has corrected the capitalization in quotations to Saunders's submissions.).) Respondent describes Saunders's crime as "consensual sodomy with juveniles." (Mem. Supp. Mot. Dismiss 1.)

[4] This is the date that the Circuit Court stamped Saunders's petition "received" and the date which the Circuit Court deemed the petition filed. *Saunders v. Commonwealth*, No. CL09HC-2677, Cir. Ct. R. at 1 (Cir. Ct. filed Aug. 4, 2009).

(Show Cause Order 1.) The Supreme Court of Virginia refused the appeal on the First State Habeas on September 29, 2010. *Saunders v. Commonwealth*, No. 101095 (Va. Sept. 29, 2010).

### B. Saunders's Second State Habeas

While the appeal of the First State Habeas was pending before the Supreme Court of Virginia, Saunders filed a second petition for a writ of habeas corpus ("Second State Habeas") in the Circuit Court on March 29, 2010. *Saunders v. Commonwealth*, No. CL10HC-1144, Cir. Ct. R. at 4 (Cir. Ct. filed Mar. 29, 2010). The Circuit Court denied the Second State Habeas as a successive petition pursuant to § 8.01-654(b)(2) of the Code of Virginia.[5] The Supreme Court of Virginia upheld the Circuit Court's decision on November 29, 2010. *Saunders v. Commonwealth*, No. 101432 (Va. Nov. 29, 2010).

### C. Saunders's First Declaratory Judgment Action

Saunders also filed an action requesting declaratory judgment ("First Declaratory Judgment") in the Circuit Court for the County of Richmond seeking to have his convictions declared void. *Saunders v. Commonwealth*, No. CL10-59 (Cir. Ct. Aug. 18, 2010). That court dismissed the action for, *inter alia*, lack of venue on August 18, 2010. *Id.*

### D. Saunders's Third State Habeas

On November 9, 2010, Saunders filed a third petition for a writ of habeas corpus ("Third State Habeas") directly in the Supreme Court of Virginia. (Mem. Supp. Mot. Dismiss 2; § 2254 Pet. 5.) The Supreme Court denied the Third State Habeas as untimely on February 16, 2011. *Saunders v. Commonwealth*, No. 102167 (Va. Feb. 16, 2011).

---

[5] The Code of Virginia provides in relevant part: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition. . . ." Va. Code Ann. § 8.01-654(B)(2) (West 2011) (amended 2005).

### E. Saunders's First Coram Vobis Action

Saunders later filed a request for a writ of error coram vobis ("First Coram Vobis") in the Circuit Court attacking that court's denial of the First State Habeas. (*See Saunders v. Commonwealth*, No. 110598, Pet. Appeal 1-2 (Va. filed Mar. 21, 2011) ("[Saunders] filed a petition for writ of coram vobis with the trial Court . . . seeking to challenge the validity of the trial Court's dismissal of his habeas petition . . . .").) The Circuit Court denied the First Coram Vobis on January 11, 2011 for not stating a claim cognizable in coram vobis. *Saunders v. Commonwealth*, No. CL10W-3138, at 1 (Cir. Ct. Jan 11, 2011 (Docket No. 31-3)). The Supreme Court of Virginia refused Saunders's petition for appeal on July 28, 2011. *Saunders v. Commonwealth*, No. 110598 (Va. July 28, 2011).

### F. Saunders's Second Declaratory Judgment

Additionally, Saunders filed a second declaratory judgment action ("Second Declaratory Judgment"), this time in the Circuit Court for the City of Richmond, which that court dismissed for lack of venue on April 18, 2011. *Saunders v. Commonwealth*, No. CL11-892-5 (Cir. Ct. Apr. 18, 2011 (Docket No. 31-4)).

### G. Saunders's Second Coram Vobis Action

On March 1, 2011, Saunders filed a second writ of coram vobis ("Second Coram Vobis") in the Circuit Court attacking his original convictions. (Pet. Coram Vobis II (Docket No. 17-1); Mem. Supp. Mot. Dismiss 3.) The Circuit Court denied the writ by order entered on March 22, 2011. *Saunders v. Commonwealth*, No. CL11W-590 (Cir. Ct. Mar. 22, 2011). The Circuit Court found that Saunders's claims were not cognizable in coram vobis and were frivolous. *Id.* The

4

Supreme Court of Virginia refused Saunders's petition for appeal on September 26, 2011. *Saunders v. Commonwealth*, No. 110883 (Va. Sept. 26, 2011).

### H. Saunders's § 2254 Petition

Saunders filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on March 14, 2011.[6] (§ 2254 Pet. 15.) In it Saunders raises fourteen grounds for relief. Saunders claims that he received ineffective assistance of counsel because:

| | |
|---|---|
| Claim One | his attorney failed to file a discovery motion; |
| Claim Two | his attorney failed to advise him that he had defenses to the charges; |
| Claim Three | his attorney failed to challenge the prosecution under the Equal Protection Clause of the 14th Amendment to the Constitution;[7] |
| Claim Four | his attorney failed to challenge the prosecution as selective; |
| Claim Five | his attorney failed to challenge the prosecution as vindictive; |
| Claim Six | his attorney failed to challenge the indictments as defective with respect to their dates; |
| Claim Seven | his attorney failed to challenge the statute as void for vagueness; |
| Claim Eight | his attorney failed to challenge the statute as overbroad; |
| Claim Nine | his attorney failed to challenge his sentence as cruel and unusual; |
| Claim Ten | his attorney failed to challenge the requirement that he register as a sex offender; |
| Claim Eleven | his attorney failed to inform him of his appeal rights; |
| Claim Twelve | his attorney failed to request a psychological evaluation; |

---

[6] The Court deems the motion filed on the date Saunders swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[7] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

5

| Claim Thirteen | his attorney failed to object that the corpus delicti had not been established; |
| Claim Fourteen | his attorney failed to advise him of the consequences of his guilty plea. |

(Mem. Supp. § 2254 Pet.; Pet'r's Objection & Resp. 15-17.) On May 9, 2011, Respondent moved to dismiss on the grounds that, *inter alia*, the statute of limitations barred the claims. (Docket No. 13.)

## II. Analysis

### A. Claim Eleven

Prior to addressing the statute of limitations, the Court will address Saunders's assertion that he received ineffective assistance of counsel because his counsel failed to inform him of his appellate rights.[8] (Mem. Supp. § 2254 Pet. 28–29; Saunders Decl. (Docket No. 18) 8). Saunders, at different times, alleges both (a) that he was never informed of his appellate rights and (b) that counsel advised him improperly as to his appellate rights. *Compare* (Saunders Decl. 8 ("[Counsel] never told me of my right to appeal, or even what an appeal was.")), *with Saunders v. Commonwealth*, No. CL10HC-1144, Cir. Ct. R. at 111 (Cir. Ct. filed May 26, 2010) ("[Counsel] . . . told [Saunders] after trial he could not appeal. She never advised him that by pleaing [sic] guilty he would waive his right of appeal . . . ."). However, the record of Saunders's plea hearing in state court refutes both of these two potentially inconsistent

---

[8] Saunders does not allege that counsel disregarded an instruction to appeal. Rather, Saunders alleges that counsel's "failure to ever advise [Saunders] of his right to appeal, deprived him of his right to appeal." (Mem. Supp. § 2254 Pet. 28.) If a petitioner is affirmatively misled concerning whether an appeal has been filed, he or she may be entitled to a belated commencement. *See, e.g., El-Abdu'llah v. Dir., Va. Dep't of Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2-3 (E.D. Va. June 4, 2008) (Spencer, J.). That is not the case here.

statements. That record reflects that Saunders knew he waived his right to appeal by pleading guilty.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (holding that representations of a defendant during a plea hearing provide a formidable barrier to subsequent incongruous assertions in a habeas proceeding) (*citing Machibroda v. United States*, 368 U.S. 487, 495-96 (1962)). Therefore, absent clear and convincing evidence to the contrary, Saunders is bound by the representations he made during his plea colloquy. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Contrary to his current professions, at his plea hearing Saunders swore that, after discussion with counsel, he understood that by pleading guilty he waived his right to appeal.

On June 11, 2008, both Saunders and his attorney signed a waiver of rights form. *Commonwealth v. Saunders*, No. CR07C02318-01, Cir. Ct. R. at 11 ("Waiver of Rights Form") (Cir. Ct. filed June 11, 2008). This form contained, *inter alia*, the question: "Do you fully understand that by pleading guilty/no contest you may give up the right to appeal your case?" (Waiver of Rights Form ¶ 21.) Saunders responded by writing "Yes" in the space provided. (*Id.*) During the plea hearing, Saunders engaged in the following exchange with the Circuit Court judge:

| | |
|---|---|
| THE COURT: | Okay. I've been handed a document here entitled waiver of rights form. Did you [addressing Saunders] have the opportunity to read that? |
| [SAUNDERS]: | I did, sir. |
| THE COURT: | Did you understand it? |

| [SAUNDERS]: | Yes, sir. |
|---|---|
| THE COURT: | Did you provide the answers to these questions? |
| [SAUNDERS]: | Yes, sir. |
| THE COURT: | Did your lawyer explain it to you? |
| [SAUNDERS]: | Yes, sir. |
| THE COURT: | Did you understand it? |
| [SAUNDERS]: | Yes, sir. |
| THE COURT: | Did you sign it? |
| [SAUNDERS]: | Yes, sir. |

(June 11, 2008 Tr. (Docket No. 39-1) 5.) Thus, contrary to Saunders's assertion, the Circuit Court, and counsel, put Saunders on notice at the June 11, 2008 plea hearing that the plea agreement might affect his appeal rights. Saunders fails to explain how he was prejudiced by the lack of any further discussion of this issue with counsel. *United States v. Alexander*, 430 F. App'x 723, 725-26 (10th Cir. 2011); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, Claim 11 will be DISMISSED and will receive no further consideration.

### B.   Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

8

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Saunders did not file a notice of appeal, his judgment became final for the purposes of the AEDPA thirty (30) days after it was entered in the Circuit Court. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Va. Sup. Ct. R. 5A:6 (2008).[9] The Circuit Court entered final judgment on September 2, 2008, and thus his judgment became final for AEDPA purposes on Thursday,

---

[9] The 2008 Rule read in relevant part:

*Timeliness.* – No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5A:6(a) (2008) (amended 2010).

October 2, 2008. Saunders then had one year, or until Monday, October 5, 2009, to file any federal habeas challenge to his conviction or sentence. 28 U.S.C. § 2244(d)(1)(A).

### C. Statutory Tolling

The AEDPA's one-year statute of limitations is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Here, the statute of limitations ran for 305 days before Saunders filed the First State Habeas in the Circuit Court on August 4, 2009. The First State Habeas serves as a properly filed application that tolled the statute of limitations while it remained pending in the Circuit Court and the Supreme Court of Virginia. 28 U.S.C. § 2244(d)(2). In an action that would normally restart the statute of limitations clock, the Supreme Court refused the petition for appeal on the First State Habeas on September 29, 2010. However, the Second State Habeas, properly filed on March 29, 2010, was still pending in the Circuit Court and, as such, the statute of limitations continued to toll.[10] On November 29, 2010, the Supreme Court of Virginia refused Saunders's appeal from the denial of the Second State Habeas, thus restarting the AEDPA statute of limitations clock.

After the conclusion of the appellate proceedings in the Second State Habeas, Saunders submitted four actions that did not qualify for statutory tolling under 28 U.S.C. § 2244(d)(2). To toll the statute of limitations an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2).

---

[10] Contrary to Respondent's suggestion, Virginia's procedural bar on successive state petitions does not prevent a petition from being "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (holding that a procedural bar does not prevent a petition from being "properly filed" within the meaning of the AEDPA); *McSheffrey v. Angelone*, No. 98-6519, 1999 WL 89403, at *1-2 (4th Cir. Feb. 23, 1999) (holding that Virginia's bar against successive petitions was a procedural bar that did not prevent a second petition from being "properly filed" within the meaning of the AEDPA).

> [A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz*, 531 U.S. at 8 (internal footnote omitted) (citing cases). Accordingly, time limits, including a statute of limitations, are filing conditions which, if violated, will result in an action not being properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The phrase "collateral review" in § 2244(d)(2) has been held to mean "judicial review of a judgment in a proceeding that is not part of direct review." *Wall v. Kholi*, 131 S. Ct. 1278, 1282 (2011). The Supreme Court has stated that examples of collateral review include proceedings under 28 U.S.C. § 2255, Rule 35 proceedings, habeas corpus, and coram nobis.[11] *Id.* at 1284-85. The Court evaluates below the effects of Saunders's various submissions on the statute of limitations.

---

[11] In Virginia, by statute, a writ of error coram vobis is the proper form of action to correct any clerical errors or errors in fact for which a judgment may be reversed or corrected. Va. Code Ann. § 8.01-677; 1B M.J., Appeal and Error, § 8. This common law writ is sometimes referred to as a writ of error coram nobis. 11A M.J., Judgments and Decrees, § 122. Virginia courts use the terms coram vobis and coram nobis interchangeably. *See* W. Hamilton Bryson, Bryson on Virginia Civil Procedure § 12.05[5] (4th ed. 2005) ("Motions in the nature of writs of error coram nobis (or vobis) are appropriate to correct clerical errors and errors of fact that make the proceedings irregular."); *see, e.g., Commonwealth v. Singh*, No. M15648, 2000 WL 1047891 (Va. Cir. Ct. Apr. 17, 2000).

Contrary to Respondent's assertion, a writ of error coram vobis is a form of "collateral review" as that term is used in 28 U.S.C. § 2244(d)(2). *Wall*, 131 S. Ct. at 1284 ("In *United States v. Robinson*, 361 U.S. 220 (1960), we distinguished between the process of direct appeal and 'a number of collateral remedies,' including Federal Rule 35 motions, § 2255 motions, and *coram nobis*." (*quoting Robinson*, 361 U.S. at 230 n.14) (parallel citation omitted)). Thus, a properly filed writ of coram vobis attacking the pertinent judgment will operate to toll the statute of limitations even if it is later decided (as was the case with both of Saunders's writs) that the claim stated is not properly cognizable in coram vobis. *See Artuz*, 531 U.S. at 8 (holding that the merits of claims contained in a petition may not be considered when deciding if a petition is "properly filed" within the meaning of the AEDPA).

### 1. The First Coram Vobis Was Not Directed to the Pertinent September 2, 2008 Judgment.

As previously noted, in order for a state application for collateral review to trigger statutory tolling, it must concern the pertinent judgment that is the subject of the § 2254 petition. In *Duncan v. Walker* the Supreme Court stated, "Nothing in the language of [§ 2244(d)(2)] requires that the state court judgment pursuant to which a person is in custody be a criminal conviction." 533 U.S. 167, 176 (2001). In deciding *Moore v. Caine,* the United States Court of Appeals for the Fifth Circuit interpreted this phrase to mean that a review of the pertinent judgment must be a review of "the judgment pursuant to which [a person] is incarcerated." 298 F.3d 361, 367 (5th Cir. 2002). Saunders's § 2254 Petition challenges his original judgment of September 2, 2008, the pertinent judgment in this case, because it constitutes the judgment pursuant to which he is incarcerated. (§ 2254 Pet. 1.) Therefore, to toll the statute of limitations, any post-conviction filings must also have requested collateral review of the September 2, 2008 judgment. *Moore,* 298 F.3d at 367 (denying statutory tolling for a writ of mandamus which sought a ruling on a habeas denial rather than review of the underlying criminal judgment); *see also Branham v. Ignacio,* 83 F. App'x 208, 209 (9th Cir. 2003) (concluding mandamus petition seeking to compel document production did not toll the limitation period); *Williams v. Thaler,* No. H-11-0555, 2011 WL 2295241, at *2-3 (S.D. Tex. June 8, 2011) (denying statutory tolling for a writ of mandamus which sought a ruling on a habeas denial rather than review of the underlying criminal judgment); *Mancuso v. Mullin,* No. CIV-09-0991-HE, 2010 WL 354135, at *4 (W.D. Okla. Jan. 25, 2010) (same).

Saunders's First Coram Vobis did not toll the statute of limitations because, as he himself insists, it requested collateral review of the First State Habeas, not the September 2, 2008 judgment.

> Appellant field [sic] a petition for writ of coram vobis with the trial court pursuant [to] Va Code 8.01-677, seeking to challenge the validity of the trial Court's dismissal of his habeas petition . . . .
>
> . . . .
>
> The underlying petition for writ of error was not an attack on the petition[er's] consensual sodomy convictions . . . . The underlying coram nobis petition was a collateral attack on petitioner's dismissed initial habeas corpus petition . . . .

*Saunders v. Commonwealth*, No. 110598, Pet. Appeal 1-2 (Va. filed Mar. 21, 2011).

### 2. The First and Second Declaratory Judgments Were Not Properly Filed, and Saunders Filed the Third State Habeas Untimely.

Neither the First Declaratory Judgment nor the Second Declaratory Judgment tolled the statute of limitations because the Circuit Court for the County of Richmond and the Circuit Court for the City of Richmond, respectively, dismissed them for lack of venue. Venue is a condition to filing. *Artuz*, 531 U.S. at 8; *see also Sibley v. Culliver*, 377 F.3d 1196, 1202-03 (11th Cir. 2004); *Nolen v. Mich. Dep't of Corr.*, No. 2:04-cv-289, 2007 WL 2479478, at *3 (W.D. Mich. Aug. 28, 2007). Thus, neither of these actions were "properly filed" within the meaning of the AEDPA. *Artuz*, 531 U.S. at 8.

The Third State Habeas also did not toll the statute of limitations. The Supreme Court of Virginia ultimately deemed the Third State Habeas untimely. It cannot be considered properly filed for the purposes of the AEDPA. *Pace*, 544 U.S. at 417.

### 3. The Second Coram Vobis Qualifies for Statutory Tolling.

On March 1, 2011, Saunders filed the Second Coram Vobis attacking his original Circuit Court conviction. This filing tolled the running of the AEDPA statute of limitations because it constituted a properly filed application for collateral review of the September 2, 2008 judgment, the pertinent judgment in this case. *See* 28 U.S.C. 2244(d)(2). The Second Coram Vobis still tolled the statute of limitations when Saunders filed the § 2254 Petition in this Court.

Nevertheless, the statute of limitations ran for an additional 91 days between the denial of the Second State Habeas and the filing of the Second Coram Vobis. Because the statute of limitations ran for a total of 396 days, the § 2254 Petition is time-barred.

### D. Belated Commencement

In addition to the date on which a judgment becomes final, federal law provides that the statute of limitations may commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). This belated commencement provision protects petitioners when their claims could not have been brought earlier. Saunders argues that he is entitled to belated commencement because of a State created impediment to filing, to wit: access to the courts due to inadequacy of legal research facilities. (Pet'r's Br. Opp'n 3.)

A claim for belated commencement due to State action "'must satisfy a far higher bar than that for equitable tolling.'" *Leyva v. Yates*, No. CV 07-8116-PA, 2010 WL 2384933, at *3 (C.D. Cal. May 7, 2010) (*quoting Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). Courts should grant relief only where a petitioner is "altogether prevented . . . from presenting his claims in *any* form, to *any* court." *Ramirez*, 571 F.3d at 1001. Prisoners must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations. *Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010) (citing cases).

Saunders asserts that, while free after his initial conviction, he was prohibited from being around children or using computers. "Thus, I could not go to any Public Library, College, of [sic] Law School; or use any computer to research post conviction [r]emedies." (Saunders Decl. 9.) Saunders claims that during incarceration, the requirement to seek case law by citation and lack of access to attorneys improperly restricted his access to the courts. (*Id.*) Though he was later moved to a facility that allowed him to access the law library, Saunders argues that it "contained one, old computer with an outdated Lexis Nexis program." (*Id.* at 12.) Further, he was allowed access to this computer only three (3) hours per week. (Pet'r's Objection & Resp. 11.) Saunders contends he had inadequate access to the courts until May 12, 2010. (Pet'r's Br. Opp'n 3.)

Saunders also complains that the restricted access to legal research facilities, and the inadequacy of those facilities once accessed, caused his inadequate first effort at habeas relief. (Saunders Decl. 13.) However, no "abstract, freestanding right to a law library or legal assistance" exists. *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (*quoting Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Thus, "'an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.'" *Id.* (*quoting Lewis*, 518 U.S. at 351). To succeed Saunders must establish that impediments prevented him from filing *any* petition, not that impediments prevented the filing of a better petition. *See Leyva*, 2010 WL 2384933, at *4 ("The loss of his property and prison transfers did not prevent Petitioner from filing a habeas petition in *any* form in *any* court." (*citing Ramirez*, 571 F.3d at 1001)); *see also Lloyd v. Van Natta*, 296 F.3d. 630, 633 (7th Cir. 2002) ("[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief.") (holding that the government's failure to provide petitioner with a

transcript did not prevent him from filing a habeas petition); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) ("All that the petitioner had to do to place those averments in issue in the federal court proceeding was to set forth in summary form the facts supporting each of the grounds." (internal quotations omitted) (*citing* Rules Governing Section 2254 Cases in the United States District Courts, 4.2(c))).

Indeed, it is undisputed that Saunders not only filed three habeas petitions in state courts, but also filed two actions for declaratory judgment and two requests for writs of coram vobis. The filing of so many actions during the time period runs contrary to his claims of denial of access to the courts. *See Mayes*, 376 F. App'x at 817) ("[I]t appears that Mr. Mayes filed many other post-conviction motions in the Oklahoma state courts during the period when he was allegedly deprived of the resources necessary to access the judicial system."); *Aiken v. Cannon*, No. 6:10-cv-02664-RBH, 2011 WL 3882789, at *3 (D.S.C. Sept. 2, 2011) ("[W]hile Plaintiff does argue that he was prevented from filing a grievance regarding his due process claims because 'all means of communication [were] cut-off' while he was in disciplinary segregation, Plaintiff's other filings in this action preclude such a finding.") (second alteration in original; internal footnote omitted). Accordingly, Saunders is not entitled to a belated commencement of the limitations period.

### E. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong

burden to show specific facts'" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Here, Saunders fails to assert facts demonstrating that he diligently sought access to legal research either while on probation or while incarcerated.

### 1. Saunders's Access to Research While on Probation

Saunders argues entitlement to equitable tolling because the conditions of his probation restricted his access to legal research prior to incarceration. (Pet'r's Objection & Resp. 13; Saunders Decl. 9.) Saunders, however, fails to assert any facts suggesting that he made any effort, much less a diligent one, to secure assistance or overcome his problem with library access. Even accepting Saunders's assertion that probation restricted his access to law libraries because they are frequented by children, Saunders could have sought to overcome this difficulty by, *inter alia*, contacting the Central Virginia Legal Aid Society, seeking pro bono assistance from an attorney, or asking an appropriate intermediary to assist him in his research. Saunders asserts no such facts. Thus, Saunders makes no proffer of diligence that would entitle him to equitable tolling during the period that he was on probation. *Yang*, 525 F.3d at 930.

The Tenth Circuit has held that equitable tolling should commence only where a petitioner has "allege[d] with specificity 'the steps he took to diligently pursue his . . . claims.'" *Yang*, 525 F.3d at 930 (*quoting Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). In *Yang* the petitioner claimed that his lack of proficiency in the English language entitled him to equitable tolling. *Id.* at 927. The Tenth Circuit stated that the *Yang* petitioner failed to show due diligence because he had "not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison boundaries." *Id.* at 930. Because the *Yang* petitioner did not undergird his language deficiency claim with "proof of independent and diligent effort to

overcome the prisoner's disabilities by alternative means," he was not entitled to equitable tolling. *Id.* (*citing Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006)). Here, as with the petitioner in *Yang*, Saunders fails to buttress his claim of inadequate access to legal research with any proof of an "'independent and diligent effort'" to overcome his alleged disability. Accordingly, Saunders is not entitled to equitable tolling during the time he was on probation.

### 2. Saunders's Access to Research While Incarcerated

Saunders also asserts that equitable tolling should apply because, once incarcerated, corrections officials denied him adequate access to legal materials. (Pet'r's Objection & Resp. 6–8.) Saunders declares that he did not gain adequate access to legal materials until May 12, 2010. (*Id.* at 14.) This argument likewise fails because "[t]he circumstances on which petitioner relies amount to no more than the routine incidents and circumstances of prison life." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727 (E.D. Va. 2009) (denying equitable tolling where prison transfers kept petitioner from accessing law library) (Ellis, J.). "'[T]ransfers between prison facilities, solitary confinement, lockdowns, [and] restricted access to the law library . . . do not qualify as extraordinary circumstances.'" *Id.* at 727–28 (*quoting Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). In his response to Respondent's Motion to Dismiss, Saunders alleges all of the circumstances listed above as a basis for equitable tolling.[12] (*See* Pet'r's Objection & Resp.) Nevertheless, he alleges no extraordinary circumstances in which "it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Accordingly, Saunders is not entitled to equitable tolling during his

---

[12] Saunders submitted to the Court nearly two hundred pages of commentary and exhibits in response to Respondent's Motion to Dismiss. (Pet'r's Objection & Resp.; Saunders Decl.; Pet'r's Br. Opp'n.) The Court has reviewed all of these documents and found them largely devoted to reiterating the original arguments in Saunders's § 2254 Petition.

period of incarceration. Because Saunders fails to demonstrate any meritorious grounds for equitable tolling of the limitation period, or that one of the later commencement dates for the limitation period applies, *see* 28 U.S.C. § 2244(d)(1)(B)-(D), the petition must be DENIED as untimely.

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Saunders is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

### IV. Conclusion

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 12) will be GRANTED. Saunders's petition for relief under 28 U.S.C. § 2254 will be DENIED. Accordingly, Saunders's Motion for Plenary Evidentiary Hearing (Docket No. 28), Motion to Appoint Counsel (Docket No. 29), Motion for Summary Judgment (Docket No. 33), Motion for Judgment on the Pleadings (Docket No. 36), and Supplemental Motion for Summary Judgment (Docket No. 37) will be DENIED, and the action will be DISMISSED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 3-2-12
Richmond, Virginia