IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**MICHAEL J.G. SAUNDERS,**

    Petitioner,

v.                                                        Civil Action No. **3:11CV170**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Michael J.G. Saunders, a former Virginia prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). On March 2, 2012, by Memorandum Opinion and Order, the Court denied the § 2254 Petition as untimely and denied a certificate of appealability. *Saunders v. Clarke*, No. 3:11CV170, 2012 WL 689270, at *9-10 (E.D. Va. Mar. 2, 2012). Saunders now submits a Motion to Alter or Amend the Judgment ("59(e) Motion") requesting that the Court "alter or amend both it's MEMORANDUM OPINION, and FINAL ORDER, and adjudicate [Saunders's] Motion To Vacate Trial, Sentencing, And All Show Cause Orders Due To Lack Of Subject Matter Jurisdiction,[1] or grant [Saunders] a certificate of appealability in accordance with 28 U.S.C. § 2253(c)(1)(A)." (59(e) Mot. (Docket No. 48) 2 (internal citations omitted).)

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for granting Rule 59(e) relief: "(1) to accommodate an intervening change in controlling law; (2) to

---

[1] On April 3, 2012, by Memorandum Order, the Court denied Saunders's "MOTION TO VACATE TRIAL, SENTENCING, AND ALL SHOW CAUSE ORDERS DUE TO LACK OF SUBJECT MATTER JURISDICTION" (Docket No. 44). *Saunders v. Clarke*, No. 3:11CV170, Docket No. 49, at 1 (E.D. Va. Apr. 3, 2012).

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases). Saunders does not assert either a change in the controlling law or new evidence not available at trial. Rather, in his 59(e) Motion, Saunders appears to assert that the Court made a clear error of law by denying his claims as untimely.

Saunders claims that "[b]ecause the judgments complained of in the instant *habeas* petition before this Court are void, they are not subject to the time bars and limitations of Section 101 of the Antiterrorism and Effective Death Penalty Act ('AEDPA') amended 28 U.S.C. § 2244." (59(e) Mot. 6.) Saunders, however, cites no law or evidence in support of this contention. Rather, Saunders asserts that the judgment against him for violating section 18.2-361(A) of the Code of Virginia is void because section 18.2-361(A) is unconstitutional.[2]

---

[2] The Court notes that no court has declared this section of the Code of Virginia void. Rather, the only court to address the constitutionality of section 18.2-361(A) since the Supreme Court's holding in *Lawrence v. Texas*, 539 U.S. 558 (2003), the Court of Appeals of Virginia, upheld the statute. *See McDonald v. Commonwealth*, 630 S.E.2d 754, 758 (Va. Ct. App. 2006). The appellant in *McDonald*, like Saunders, was convicted for engaging in oral sex with persons older than fourteen but younger than eighteen. Like Saunders, the *McDonald* appellant argued that because in Virginia the age of consent for sexual intercourse is fifteen, section 18.2-361(A), as applied, criminalized the lawful behavior of consenting adults. In denying this claim, the Court of Appeals of Virginia explained:

> Appellant errs . . . in his interpretation of the statutes as defining "adult." The Supreme Court of Virginia has established that determining the age of majority is within the power of the legislature. *Mack v. Mack*, 217 Va. 534, 537, 229 S.E.2d 895, 897 (1976). While Code § 18.2-371 allows for people aged fifteen to seventeen to consent to sexual intercourse, the statute itself still refers to those people as "children." Additionally, Code §§ 1-203, 1-204, and 1-207 together define "adult" as a person aged eighteen or more, unless a statute specifically provides otherwise. Code § 18.2-361(A) does not change this standard definition of "adult." Therefore, appellant's equation of the ability to consent to sexual intercourse with being an "adult" fails.
>
> . . . .

2

Nevertheless, habeas petitioners cannot "'evade the effect of the [AEDPA's] statute of limitations by the simple expedient of arguing that his [or her] conviction is void.'" *United States v. Fisher*, Nos. 3:04-CR-172-D, 3:08-CV-1609-D, 2008 WL 5061670, at *3 (N.D. Tex. Nov. 25, 2008) (*quoting Randall v. Dir., TDCJ-CID*, No. 2:07cv204, 2008 WL 2128231 at *2 (E.D. Tex. May 16, 2008)); *Nortonsen v. Reid*, 133 F. App'x 509, 510-11 (10th Cir. 2005). Thus, this Court correctly applied the AEDPA's one-year statute of limitations, *see* 28 U.S.C. § 2244(d), and no clear error exists. Accordingly, Saunders's 59(e) Motion (Docket No. 48) will be DENIED.

Saunders requests, in the alternative, a certificate of appealability. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*,

---

> The Supreme Court in *Lawrence* made quite clear that its ruling did not apply to sexual acts involving children. The Court specifically notes that "[t]he present case does not involve minors." [*Lawrence*,] 539 U.S. at 578, 123 S. Ct. at 2484. Instead, "[t]he case does involve two adults." *Id.* That its holding does not apply to minors is one of four exceptions to the [*Lawrence*] holding. The Supreme Court found that acts involving minors along with non-consensual acts, public conduct, and prostitution do not merit due process protection. *Id.* The Supreme Court of Virginia recognized the importance of these exceptions when it noted in *Martin* that "this case does not involve minors, non-consensual activity, prostitution or public activity.... [S]tate regulation of that type of activity might support a different result." [*Martin v. Ziherl*, 607 S.E.2d 367, 371 (Va. 2005).]

*McDonald*, 630 S.E.2d at 757-58 (internal footnote omitted; first, third, and fifth alterations in original).

3

529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Saunders fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/ MHL

M. Hannah Lauck
United States Magistrate Judge

Date: 5-4-12
Richmond, Virginia